UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER A. TORMASI, | Civil Action No. 22-1745 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| MARCUS O. HICKS, et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff Walter A. Toramasi's ("Plaintiff") filing of a Complaint alleging violations of his religious and equal protection rights pursuant to 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). ECF No. 1. Plaintiff has also filed an application to proceed *in forma pauperis* ("IFP application"). ECF No. 2. The Court will grant Plaintiff's IFP application. Federal law requires the Court to screen Plaintiff's Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges that he practices a non-denominational form of Judaism and sincerely believes that he requires a specific type of prayer oil to "sanctify his living quarters[.]" Complaint at ¶¶ 23-27. This type of prayer oil is not available within the New Jersey Department of Corrections. *See* Complaint at ¶¶ 3-4, 26-27. Plaintiff wrote to the Defendants requesting to purchase the prayer oil from an outside source, and his request was denied, as Defendants have taken the position that Plaintiff may purchase generic prayer oil from the

1

commissary. *See id.* at ¶¶28-36. Plaintiff also alleges that at least one other Jewish inmate has been permitted to purchase prayer oil from an outside source. *Id.* at ¶¶ 5, 33.

Plaintiff has sued each Defendant in his or her official capacity for injunctive relief and in his or her personal capacity for damages in connection with the denial of prayer oil. *Id.* at ¶ 22. Plaintiff alleges that the denial of prayer oil violates his right to religious freedom as guaranteed by the First Amendment and RLUIPA. *See* Complaint at Count I. Plaintiff further alleges that at least one other Jewish inmate has been permitted to purchase prayer oil from an outside source, and the denial of Plaintiff's requests for prayer oil from an outside source violates his right to equal protection under the Fourteenth Amendment. *See id.* at Count II.

Having screened the Complaint for dismissal, the Court will permit Plaintiff's First and Fourteenth Amendment claims brought pursuant to §1983 as well as his RLUIPA claim to PROCEED against each Defendant (Counts I & II).

**IT IS,** therefore, on this 27th day of October 2022,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2) is hereby **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of New Jersey State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915

does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act ("PLRA") provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's First and Fourteenth Amendment claims, brought pursuant to §1983, and his RLUIPA claim shall PROCEED against each named Defendant; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each named Defendant; and it is further

**ORDERED** that Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[1] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

*s/Freda L. Wolfson*  
Freda L. Wolfson  
U.S. Chief District Judge

---

[1] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.