<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WALTER A. TORMASI**, <br><br> Plaintiff, <br><br> v. <br><br> **MARCUS O. HICKS, et al.**, <br><br> Defendants. | Civil Action No. 22-1745 (ZNQ) (JBD) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

     Plaintiff Walter A. Tormasi, an inmate at New Jersey State Prison ("NJSP") in Trenton, New Jersey, is proceeding with a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. (Compl., ECF No. 1.) Before the Court are Plaintiff's motion for summary judgment, (Pl.'s Mot. for Summ. J., ECF No. 48); omnibus motions for summary judgment, preliminary injunctive relief, and appointment of *pro bono* counsel, (Pl.'s Omnibus Mots., ECF Nos. 58–59); and Plaintiff's motion for leave to file a supplemental declaration in support of his omnibus motions, (Pl.'s Mot. for Leave, ECF No. 87.) Also before the Court is Defendants' motion to seal. (Defs.' Mot. to Seal, ECF No. 79.) For the reasons below, the Court will: (i) deny without prejudice Plaintiff's motion for summary judgment and omnibus motions to the extent they seek summary judgment as premature; (ii) deny Plaintiff's omnibus motions to the extent they seek preliminary injunctive relief; (iii) refer the matter to mediation pursuant to Local Civil Rule 301.1; (iv) appoint Plaintiff counsel for the expanded purpose of resolving any remaining discovery

disputes, mediation and/or settlement discussions, motion practice, and, if necessary, trial; and (v) deny Defendants' motion to seal and Plaintiff's motion for leave to file a supplemental declaration without prejudice as moot.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that he practices a non-denominational form of Judaism and sincerely believes that he requires a specific type and quantity of anointment oil to "sanctify his living quarters[.]" (Compl. ¶¶ 23-27.) This type of oil is not available within the New Jersey Department of Corrections. (*See id.* ¶¶ 3-4, 26-27.) Plaintiff wrote to the Defendants requesting to purchase the oil from an outside source, but his request was denied as Defendants have taken the position that Plaintiff may purchase generic prayer oil from the commissary. (*See id.* ¶¶ 28-36.) Plaintiff also alleges that at least one other Jewish inmate has been permitted to purchase oil from an outside source. (*Id.* ¶¶ 5, 33.)

Plaintiff initiated this matter on or around March 29, 2022. (*See* Compl.) Plaintiff has sued each Defendant in his or her official capacity for injunctive relief and in his or her personal capacity for damages in connection with the denial of anointment oil. (*Id.* ¶ 22.) Plaintiff alleges that the denial of the oil violates his right to religious freedom under the First Amendment and RLUIPA and his right to equal protection under the Fourteenth Amendment. (*See id.* ¶¶ 40–45.)

The Court screened the Complaint and permitted Plaintiff's claims to proceed on October 27, 2022. (*See* Oct. 27, 2022 Order, ECF No. 4.) Over the next couple months, summons was issued and served on most of the Defendants, and most of those served answered the Complaint.[1]

---

[1] On March 27, 2023, counsel for Defendants indicated that, due to a clerical error, Defendant Imam Anwar Wright was mistakenly left out of their answer. (*See* ECF No. 39.) However, because Plaintiff subsequently requested to amend the docket to add Melinda Haley as a defendant and because of service-related issues, the Court instructed Defendants to refrain from filing an amended answer until further instruction from the Court. (*See* April 12, 2023 Text Order, ECF

2

(*See* ECF Nos. 30, 36, 39.) On February 2, 2023, the Court issued a scheduling order directing that discovery shall conclude on May 2, 2023 and all dispositive motions shall be filed no later than July 14, 2023. (Feb. 2, 2023 Order, ECF No. 31.)

On May 23, 2023, prior to effecting service on all Defendants, Plaintiff filed his initial motion for summary judgment. (Pl.'s Mot. for Summ. J.) Thereafter, the Court extended the discovery end date to August 3, 2023. (June 1, 2023 Order, ECF No. 52.) On June 14, 2023, Plaintiff filed a motion to compel the Defendants to produce certain documents. (Pl.'s Mot. to Compel, ECF No. 57.) That same day, Plaintiff also filed his omnibus motions for summary judgment, preliminary injunctions, and appointment of counsel. (*See* Pl.'s Omnibus Mots.)

On July 14, 2023, the Court granted in part Plaintiff's motions to appoint counsel for the limited purpose of identifying and substituting a proper party in light of one of the Defendant's death. (July 14, 2023 Order, ECF No. 66.) In that order, the Court emphasized that it was not foreclosing the possibility of appointing *pro bono* counsel in the future to assist Plaintiff in pursuit of settlement or other purposes. (*See id.* at 6–7.) Counsel for Plaintiff entered their notice of appearance on August 3, 2023, but it appears that they have not yet completed the tasks for which they were appointed. (ECF Nos. 68–70.)

On August 7, 2023, Defendants filed briefs in opposition to Plaintiff's motions for summary judgment, omnibus motions, and motion to compel. (Defs.' Opp'n Brs., ECF Nos. 74–76.) Defendants also submitted a motion to seal an exhibit to one of their briefs in opposition. (*See* Defs.' Mot. to Seal.) On September 29, 2023, Plaintiff submitted a reply brief in support of his motions. (Pl.'s Reply, ECF No. 84.) Finally, on November 15, 2023, Plaintiff filed a motion

---

No. 42.) As such, it appears that Defendants Wright and Haley have yet to answer or otherwise respond to the Complaint.

for leave to file a supplemental declaration in support of his omnibus motions. (*See* Pl.'s Mot. for Leave.)

## II. DISCUSSION

### A. Motion for Summary Judgment

The Court first addresses Plaintiff's Motion for Summary Judgment and Omnibus Motions to the extent they seek summary judgment. The Court finds that the motions are premature. First, as noted above, not all parties have answered or otherwise responded to the Complaint. (*See supra* note 1.) Second, it does not appear that Plaintiff's appointed counsel have completed the task of identifying and substituting an appropriate party for the deceased defendant. (*See* July 14, 2023 Order.) Thus, as far as the Court can tell, not all parties have been served. Third, it appears that there remain unresolved discovery issues. (*See* Pl.'s Mot. to Compel.) Accordingly, summary judgment is not appropriate at this time, and the Court will deny without prejudice Plaintiff's Motion for Summary Judgment and Omnibus Motions to the extent they seek summary judgment as premature. The Court will also deny without prejudice Defendants' related motion to seal and Plaintiff's motion for leave to file a supplemental declaration in support of his omnibus motions as moot.

Moreover, as noted above and explained below, the Court will refer this matter to mediation. If mediation and/or settlement discussions are unsuccessful, the Court will extend the existing deadlines for answering the Complaint and filing dispositive motions, (*see* Feb. 2, 2023 Order), and Plaintiff may refile or move to reinstate his summary judgment motions at the appropriate time.

B.     **Motions for a Preliminary Injunction**

The Court next addresses Plaintiff's motions for a preliminary injunction. To obtain a preliminary injunction, the moving party must demonstrate: "(i) the reasonable probability of eventual success in the litigation, and (ii) that it will be irreparably injured if relief is not granted. Moreover, the district court also should take into account, when relevant, (iii) the possibility of harm to other interested persons from the grant or denial of the injunction, and (iv) the public interest." *S. Camden Citizens in Action v. N.J. Dep't of Env't Prot.*, 274 F.3d 771, 777 (3d Cir. 2001). "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *Id.* (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id.* at 777 (citing *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir.1982)).

In this case, the Court need only analyze the second factor of the preliminary injunction analysis because Plaintiff has failed to show that he will suffer irreparable harm. *See Exec. Home Care Franchising LLC v. Marshall Health Corp.*, No. 15-760, 2015 WL 1422133, at *3 (D.N.J. Mar. 26, 2015). As the moving party, Plaintiff "has the burden of establishing a 'clear showing of immediate irreparable injury.'" *Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344 (D.N.J. 2020). Irreparable injury means harm "such that legal remedies are rendered inadequate." *Tilden Recreational Vehicles, Inc. v. Belair*, 786 F. App'x 335, 342 (3d Cir. 2019). The risk of irreparable harm must not be speculative. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994). Demonstrating irreparable harm requires more than just "a possibility of a remote future

5

injury," but rather sufficient evidence to make a "clear showing of immediate irreparable injury." *Id.*

Plaintiff's assertion of irreparable harm in this case is bellied by the fact that he waited over a year before filing his motions seeking preliminary injunctive relief for the same violations pled in the Complaint. *See, e.g.*, *Love v. Does*, No. 17-1036, 2023 U.S. Dist. LEXIS 19495, at *6–7 (D.N.J. Feb. 6, 2023) (denying the plaintiff's motion for preliminary injunctive relief that would require prison staff to provide him with an extra Kosher meal on Saturday mornings pursuant to his religious interpretations because plaintiff waited a significant period after filing his complaint before filing his motion for a preliminary injunction).  Moreover, Plaintiff fails to point to any evidence demonstrating a clear showing of immediate irreparable injury. *See Acierno*, 40 F.3d at 655.  Rather, Plaintiff simply speculates that his injuries are irreparable notwithstanding that he seeks compensatory damages, among other things. (*See* Compl. 14.)  Accordingly, the Court finds that Plaintiff fails to carry his burden of demonstrating irreparable injury, and the Court will deny Plaintiff's Omnibus Motions to the extent that they seek preliminary injunctive relief.

   **C.**  **Mediation and Appointment of *Pro Bono* Counsel for Expanded Scope**

A civil action may be referred to mediation at any time. *Masri v. Horizon Health Care Servs., Inc.*, No. 16-6961, 2017 U.S. Dist. LEXIS 211363, at *6 (D.N.J. Sept. 19, 2017).  Having reviewed the parties' submissions regarding Plaintiff's motions for summary judgment and given Plaintiff's apparent willingness to engage in settlement discussions, the Court finds that mediation might prove to be productive in this matter.  Accordingly, the Court will refer the matter to mediation pursuant to Local Civil Rule 301.1.

Although the Court previously determined that Plaintiff's motion to appoint counsel to help "facilitate settlement negotiations" was premature, the Court finds it appropriate to reconsider

Plaintiff's request at this time. As the Court explained in its July 14, 2023 Order, in deciding whether to appoint counsel under 28 U.S.C. § 1915(e), the Court must first determine that Plaintiff's claim has some merit in law and fact. *See Tabron v. Grace*, 6 F.3d 147, 153–54 (3d Cir. 1993). Once the Court finds that the Plaintiff has met that threshold inquiry, the Court must weigh several, non-exhaustive factors, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses, and;
> (6) the plaintiff's capacity to retain counsel on his or her own behalf.

*Id.* at 157.

Here, the Court finds that Plaintiff's RLUIPA claim, in particular, has some merit in law and fact. As this Court previously noted, Plaintiff is unable to retain counsel on his own behalf due to his indigent status. Moreover, Plaintiff's ability to counter Defendants' assertions that the policy of denying the anointment oil is in furtherance of compelling state interests and is the least restrictive means of achieving those interests[2] might require some factual investigation beyond his ability and might benefit from the knowledge and/or testimony of an expert. Thus, the third, fifth, and sixth factors weigh in favor of appointing counsel. The other factors are either neutral or insufficient to tip the scale in favor of denying appointment of counsel. Accordingly, the Court concludes that the present circumstances warrant the appointment of *pro bono* counsel to represent Plaintiff for the purpose of resolving any remaining discovery disputes, mediation and/or settlement discussions, motion practice, and, if necessary, trial.

---

[2] *See Holt v. Hobbs*, 574 U.S. 352, 357–58 (2015).

### III. CONCLUSION

For the reasons above, the Court will: (i) deny without prejudice Plaintiff's motion for summary judgment and omnibus motions to the extent they seek summary judgment as premature; (ii) deny Plaintiff's omnibus motions to the extent they seek preliminary injunctive relief; (iii) refer the matter to mediation pursuant to Local Civil Rule 301.1; (iv) appoint Plaintiff counsel for the expanded purpose of resolving any remaining discovery disputes, mediation and/or settlement discussions, motion practice, and, if necessary, trial; and (v) deny Defendants' motion to seal and Plaintiff's motion for leave to file a supplemental declaration without prejudice as moot. An appropriate order follows.

Date: November 21, 2023

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**